Filed March 7, 1889.

No. 13,620.

ALLEMAN v. HAWLEY ET AL.

PARTITION.—*Counter-Claim.—Time of Filing.—Practice.*—If a defendant in partition proceedings desires to set up a claim for improvements made and taxes paid, the better practice is to file his counter-claim when he files his answer, and not after a finding has been made on the issue joined on the complaint.

SAME.—*Sale and Distribution.*—The plaintiff in partition proceedings, where

the real estate is found to be not susceptible of division, can not be required to pay the defendant for his interest in the property, or for improvements made or taxes paid by him thereon, as, in such case, it is the right of the plaintiff to have the real estate sold and his share of the proceeds distributed to him.

SAME.—Improvements.—Taxes.—Where the plaintiff in an action for partition is the owner of two-ninths of the property, exclusive of improvements made thereon by the defendant—who also sets up a claim for taxes paid—such plaintiff, upon the real estate being ordered sold as not susceptible of division, is entitled to receive from the commissioner two-ninths of the value of the real estate, exclusive of the improvements, less costs adjudged against him and less two-ninths of the taxes paid by the defendant on the real estate, exclusive of the improvements.

SAME.—Improvements Made with Notice of Co-Tenant's Title.—The right of a tenant in common to compensation for improvements made by him is not a legal right, depending upon a statute, but is a right enforceable in a court of equity, and the fact that the improvements were made after notice of the co-tenant's title will not defeat a recovery.

From the Marshall Circuit Court.

H. Corbin, J. D. McLaren and E. C. Martindale, for appellant.

A. C. Capron and S. Parker, for appellees.

BERKSHIRE, J.—This was an action in partition, brought by the appellees against the appellant.

The case was tried and the court found that the appellant and appellees were tenants in common of the real estate in question, and that the appellant's interest was seven-ninths, and the appellees' each one-ninth; that the property was not susceptible of division, and that the same ought to be sold and the proceeds of the sale divided among the respective parties according to their several interests.

After the foregoing finding had been made, with leave of the court the appellant filed a counter-claim asking that she be allowed for improvements which she had put upon the real estate, and for taxes paid by her on account of the same.

Issue was joined upon the counter-claim and the same submitted to the court, and, at the request of the parties, the court made a special finding.

The course of procedure followed in this case can not be held to be erroneous in view of former decisions of this court, but it is not to be commended.

The appellant should have filed her counter-claim when she filed her answer, then all the issues to be determined in the case could have been submitted to the court and tried at the same time. It is never satisfactory to try a case by piecemeal.

The appellant assigns a number of errors, but waives all except the fourth and fifth, which are: *Fourth.* The court erred in its conclusions of law. *Fifth.* The court erred in overruling appellant's motion for judgment upon the special finding in her favor for the value of improvements made and taxes paid by her, and for an order that these be first paid, and that the court fix a time within which payment should be made, and a time when payment should be made for the interest in the real estate as fixed by the court.

We may state now, as well as at any other time, that the court had no power to require that the appellees pay the appellant for her interest in the real estate or for improvements made and taxes paid by her. *Elrod* v. *Keller*, 89 Ind. 382; *Lane* v. *Taylor*, 40 Ind. 495; Freeman Coten., section 509.

Had the property been susceptible of division, it would have been the right of the appellees to hold their interest in severalty; as it could not be divided, it was their right that the property be sold and their share of the proceeds distributed to them. Sections 1186 to 1208 inclusive, R. S. 1881.

The special finding does not state the facts very clearly, and, taken in connection with the conclusions of law and the decree of the court, the whole is somewhat ambiguous.

We summarize the facts as follows: The real estate is described as lot 55, in the city of Plymouth, and was conveyed to Ann E. Hawley by warranty deed from Moses A. Kidwell on September 24th, 1855; that the said grantee was the mother of the appellees and the widow of Edgar Hawley;

that, after the execution of the said deed, Mrs. Hawley intermarried with Joel Parker, and died in the year 1883.

During the existence of said marriage, the said Ann E. Parker (Hawley) and Joel Parker conveyed the said real estate to William C. Edwards for a valuable consideration, who thereafter conveyed the same to the appellant for a valuable consideration, said last named conveyance having been made on the 15th day of March, 1869. At the date of their respective conveyances Edwards and the appellant were put in possession, and the latter has held exclusive possession to the present time; that the appellant has made valuable improvements upon said real estate to the amount of $3,300, and that the improvements so made have enhanced the value of the real estate to the amount of $3,300; that the value of the real estate without the improvements is $700; that the appellant has paid town and city taxes against said real estate to the amount of $240.85, and State and county taxes to the amount of $461.16; the fair value of the rents and profits of the said real estate, without improvements, is nothing; with improvements, since the death of Mrs. Parker, $18 per month; that the appellees are the owners in fee of an undivided one-ninth each of the said real estate; that the same is indivisible, and can not be divided without spoiling the whole lot; that the value of the appellees' interests in the said real estate, without improvements, equals $155.55, and the interest of the appellant equals $544.45, and that her improvements are of the value of $3,300; that the said Edgar Hawley died intestate in April, 1855, and at the time of his death was living on said property with his family, and held a bond for a deed to said property from said Moses A. Kidwell; that no deed was executed by said Kidwell for said lot until after the death of said Hawley; that said Ann E. Parker was the guardian of the persons and estates of the minor children of the said Hawley, the appellees, and one other, Mary I. Hawley, and as such guardian, under the order of the Marshall Common Pleas Court, sold the undivided two-thirds of said

real estate to the said Joel Parker, which sale was confirmed and the title thereby vested in him ; that the said Edwards and the appellant had, at and before their respective purchases, only such constructive notice of said guardian's proceedings as was given by the records of the Marshall Common Pleas Court.

The conclusions of law are:

"*First.* That said lot 55 be sold.

"*Second.* That the proceeds of the sale be divided as follows : Seven-ninths to Julia A. Alleman, to which shall be added two-ninths of all taxes accrued since October, 1883, and which said Julia A. Alleman has paid, with six per cent. interest on this last item."

The proper exception was reserved to the conclusions of law, and thereafter the court rendered judgment that the appellees were the joint owners of the undivided two-ninths of said real estate, and the appellant the owner of the undivided seven-ninths thereof, and that the same be sold as lands are sold on execution, one-third of the purchase-money to be paid in cash, one-third in six months and the remaining one-third in twelve months from the date of sale.

It was further ordered that Samuel Parker be appointed a commissioner to make said sale, and when the proceeds were collected and costs paid in the manner therein directed, that the commissioner make distribution to the parties according to their several interests, except that the defendant should receive, in addition to her share, the amount of all taxes paid by her on said real estate since October, 1883.

From the facts found, and the conclusions of law and the decree rendered, it is impossible to tell whether, in making the distribution, it was the duty of the commissioner, after payment of costs and the amount to be paid to appellant on account of taxes paid by her, to pay to the appellees two-ninths of the remainder, or to pay to them $155.55, less two-ninths of the whole amount adjudged to be due the appellant on account of taxes paid by her. Either conclusion is wrong.

Alleman v. Hawley et al.

It is found that the real estate and improvements are worth $4,000 ; the improvements, $3,300, and the real estate, without the improvements, $700.

The order should have been that the appellees were the owners of two-ninths of the real estate, as valued, independent of the improvements, and the appellant of the remainder, including the improvements, or that the appellees were the owners of $\frac{31}{800}$ of the property, with the improvements, and the appellant of $\frac{769}{800}$ thereof; that the real estate be sold, and that out of the proceeds of said sale $\frac{31}{800}$ of the proceeds thereof be paid to the appellees, less the costs adjudged against them, and less $\frac{31}{800}$ of the taxes adjudged to be due to the appellant, and that, after payment of the costs adjudged against the appellant, the remainder be paid to her.

The following authorities sustain this conclusion : *Carver* v. *Coffman*, 109 Ind. 547 ; *Elrod* v. *Keller, supra; Dean* v. *O'Meara*, 47 Ill. 120 ; *Kurtz* v. *Hibner*, 55 Ill. 514; *Moore* v. *Williamson*, 10 Rich. Eq. 323 ; 1 Story Eq. Jur., section 655 ; *Scott* v. *Guernsey*, 48 N. Y. 106 ; *Conklin* v. *Conklin*, 3 Sandf. Ch. 64 ; *Martindale* v. *Alexander*, 26 Ind. 104.

The improvements enhanced the value of the property $3,300. Had the property been susceptible of division, and so situated that two-ninths of the lot could have been set off to the appellees, independent of the improvements, this would have been done. This is no longer an open question.

We can not imagine how the mere fact that the property was not susceptible of division can enlarge the interests or rights of the appellees, nor can we imagine how it would be inequitable to make distribution of the proceeds arising from the sale of the property, as we have herein indicated.

We do not think the question as to whether the appellant had notice of the appellees' title when the improvements were being made is one of importance. The appellant was a tenant in common with the appellees, and held by far

the largest interest in the property, and had the right to make improvements, if made in good faith and for the betterment of the property.

But, independent of what we have stated, it appears from the special finding that the appellant paid a valuable consideration for the property, received her conveyance and made the improvements without any actual notice of the title or claim of the appellees.

The conclusion at which we have arrived is not in conflict with what is ruled in the case of *Bryan* v. *Uland*, 101 Ind. 477, referred to in the brief of counsel for the appellees.

That was a case where the Ulands successfully maintained an action against Bryan to quiet their title to certain real estate, and thereafter the latter sought compensation for his improvements, under the statute for the benefit of occupying claimants. In that case it appeared that Bryan and those under whom he claimed purchased the real estate and made the improvements with full notice of the rights of the Ulands. His proceeding necessarily failed, for the reason that the statute upon which his right to compensation depended, by its very terms, was limited in its operation to purchasers making improvements *in good faith.* Section 1074, R. S. 1881.

The appellant's right to compensation for her improvements is not a legal right, depending upon a statute, but is a right resting upon equitable principles, and one which a court of equity will enforce.

The judgment is reversed, and the court below is directed to render a decree in accordance with this opinion.

Judgment against the appellees for costs.

Filed March 7, 1889.