**WILSON LEASING COMPANY, Appellant Defendant Below,**

v.

**Jack F. GADBERRY, Appellee Plaintiff Below.**

**No. 1–382A54.**

Court of Appeals of Indiana, First District.

July 15, 1982.

John W. Graub, II, Christopher E. Baker, Rubin & Levin, Indianapolis, for appellant.

C. Thomas Cone, Williams, Cone & Billings, Greenfield, for appellee.

ROBERTSON, Judge.

The defendant-appellant Wilson Leasing (Wilson) is appealing the award of $1000 attorney fees and $60 out of pocket expenses to the plaintiff-appellee Gadberry. We reverse.

The facts show that Gadberry and Wilson negotiated a sale of certain equipment. A handwritten bill of sale was drawn between the two parties at the time of sale and contained, among other things, this language:

This sale must also include a hold harmless agreement from Wilson Leasing/Ajax Atlas Mfg—Atlas Industries Holding Corp. of America and the Federal Court handling the Chapter 11 Bankruptcy.

Shortly thereafter, a second and more formal bill of sale was made, however, this document was silent as to a hold harmless provision. A dispute arose as to what was included in the sale. Gadberry filed a replevin action against Wilson and ultimately prevailed. In its judgment the trial court allowed the attorney fees and expenses on the theory that the hold harmless provision permitted the award. This, argues Wilson, is contrary to law.

The general rule in Indiana is that attorney fees are not allowed in the absence of a statute or an agreement or stipulation specially authorizing the allowance. *Dawson v. St. Vincent Hospital & Health Care Center, Inc.*, (1981) Ind.App., 426 N.E.2d 1328. Since the replevin statutes, Ind.Code 34–1–

9.1 -1 *et seq.*, make no reference to attorney fees, the award in this case must be sanctioned by the hold harmless provision of the first handwritten bill of sale.

It has been held that a hold harmless clause, a form of indemnification, covers the cost of defending a claim and is intended to fully compensate an indemnitee for all loss and expense of defending a claim or litigation. *Miller & Co. of Birmingham v. Louisville N. R. Co.*, (5th Cir. 1964) 328 F.2d 73; *New York Cent. R. Co. v. General Motors Corp.*, (N.D.Ohio 1960) 182 F.Supp. 273. Additionally, an intent to provide indemnification must be expressed in clear unequivocal terms. *New York Cent., supra.* Indemnification clauses in a contract are strictly construed and the terms are required to be set forth in clear and unequivocal terms. *Center Tp. of Porter County v. City of Valparaiso*, (1981) Ind.App., 420 N.E.2d 1272. We are of the opinion, as a matter of law, that the bills of sale in this appeal fail to state an intent to indemnify in clear and unequivocal terms.

The judgment is reversed as it pertains to the award of attorney's fees and expenses.

Judgment reversed.

RATLIFF, P. J., and NEAL, J., concur.