**Chester JANIK, Appellant (Plaintiff Below),**

v.

**Margaret JANIK, Appellee (Defendant Below).**

**No. 3-984A250**

Court of Appeals of Indiana, Third District.

Feb. 27, 1985.

Bartel Zandstra, Zandstra & Muha, Highland, for appellant.

Ronald F. Layer, Sachs & Hess, P.C., Hammond, for appellee.

HOFFMAN, Judge.

Chester Janik appeals from judgment of the Newton Circuit Court. The operative facts of this case are not in dispute, and the following facts were established by stipulation of the parties at the trial level:

1. The marriage of Chester and Margaret Janik was dissolved on May 29, 1969. They were each awarded a one-half interest as tenants-in-common of the family residence and the lot on which it is located.

2. Margaret was awarded the exclusive right to possession of the real estate until the emancipation of the parties' last child, which occurred on June 1, 1978.

3. Under the dissolution decree, Margaret became responsible for all mortgage payments. She made payments totaling $7,259.30 from the date of dissolution until the mortgage was satisfied on May 4, 1978. These payments covered principal, interest, insurance, and taxes.

4. Following her last mortgage payment, Margaret has remained in exclusive possession of the residence and has expended $600.00 for property taxes and $1,200.00 for insurance.

5. During her exclusive possession of the real estate, Margaret expended $8,149.51 for improvements and repairs. This investment has increased the fair market value of the premises by $2,250.00.

6. At the time of dissolution, the fair market value of the property was $11,000.00. The present fair market value is $24,500.00.

7. Chester Janik filed his petition for partition on July 14, 1981.

8. The real estate is not susceptible to equal division or to partition in kind.

9. The reasonable rental value of the real estate from May 4, 1978 to the present was $150.00 per month.

These facts were submitted to the trial court, and the following judgment was entered:

"IT IS CONSIDERED, ORDERED, ADJUDGED AND DECREED in Court that pursuant to the Court's Findings of Fact and Conclusions of Law, the plaintiff [Chester] is entitled an interest in the subject real estate in the amount of Three Thousand Dollars ($3,000.00) and is granted judgment thereon.

The defendant [Margaret] is hereby allowed to live the rest of her days of her life in said residence; the plaintiff is awarded a judgment in the sum of ($3,000.00) upon which judgment shall become a lien on the property in suit."

Chester first contends the trial court erred in rendering judgment which is both unenforceable and contrary to law. Under Indiana law, the right of a tenant-in-common to compel partition is absolute. IND.CODE § 32-4-5-1 *et seq.* Where the property in question is susceptible to division, co-tenants are entitled to hold their respective shares in severalty. IND.CODE § 32-4-5-4. If division cannot be effected without substantial injury to the owners, the court shall order the real estate sold and the proceeds distributed to the owners according to their respective shares. IND.

CODE §§ 32–4–5–4 and 32–4–5–18. In considering a petition for partition, the trial court does not have the power to order one tenant to sell his interest to the other, while allowing the tenant in possession the right to retain the entire tract. *See, Alleman v. Hawley et al.* (1889), 117 Ind. 532, 20 N.E. 441.

■ In the case at bar, the parties stipulated the property was not divisible. Instead of authorizing a sale as required by statute, the trial court erroneously awarded Margaret a life estate interest in the whole tract while granting Chester an unenforceable lien against the property. While this issue alone requires reversal, Chester raises several other issues which merit consideration.

Chester also contends the trial court improperly adjusted the equities between the parties, awarding Margaret an interest which is inconsistent with the evidence. More specifically, he maintains the court erroneously credited Margaret for the following items and amounts:

| | |
|---|---|
| $7,259.30 | Total mortgage payments made by Margaret. |
| $8,149.51 | Total cost of improvements and repairs made to the real estate by margaret. |
| $1,800.00 | Tax and insurance payments made by Margaret after emancipation of the parties' youngest child. |

In granting these credits, the trial court effectively froze Chester's interest at $3,000.00, which represents his equity in the property at the time of dissolution.

■ In partition proceedings, a co-tenant's right to contribution for improvements and other expenses is not a legal right, but arises from principles of equity. *Alleman, supra.* As a general rule, where a co-tenant improves or repairs common property to the benefit of his co-tenants, the partitioning court must consider this fact and equitably compensate him for his expenditures. *Geisendorff v. Cobbs* (1911), 47 Ind.App. 573, 94 N.E. 236. Improvements or repairs effected by a co-tenant in exclusive possession should be valued not at cost, but by the amount they increase the fair market value of the property at the

time of partition. As stated in *Peden v. Cavins* (1893), 134 Ind. 494, at 498, 34 N.E. 7, at 8:

" 'As the allowance of compensation for improvements is, in all cases, made, not as a matter of legal right, but purely from the desire of the court to do justice, the compensation will be estimated so as to inflict no injury on the cotenant against whom the improvements are charged. *He will therefore be charged, not with the price of the improvements, but only with his proportion of the amount which at the time of the partition they add to the value of the premises....* " (Emphasis added.)

The trial court erred in crediting Margaret for the *cost* of her improvements. The parties stipulated that improvements and repairs increased the fair market value of the property by $2,250.00. At most, Margaret is entitled to a credit for this amount, and no more.

■ The trial court also erred in crediting Margaret for mortgage payments made following dissolution. As part of the decree, Margaret was ordered to make all mortgage payments incident to her exclusive right of possession and corresponding child support obligations. Prior to emancipation of the youngest child, Chester had no right to compel partition, nor did he derive any benefit from his investment in the home. Furthermore, the record indicates that the mortgage payments were lower than the stipulated rental value of the property. Under these circumstances, the trial court abused its discretion in allowing Margaret a credit based upon principles of equity.

■ It was also error for the trial court to award Margaret a credit for all tax and insurance expenses incurred following emancipation of the parties' youngest child in 1978. Generally, a tenant-in-common who has paid or assumed liens or encumbrances is entitled to proportionate reimbursement at the time of partition. *Alleman, supra.* This right includes an accounting for money advanced to discharge

taxes and assessments on the property. *Hosanna et al. v. Odishoo* (1935), 208 Ind. 132, 193 N.E. 599. In this case, the trial court awarded a credit for all tax and insurance payments, whereas Margaret is entitled only to a one-half contribution.

 Chester contends that Margaret's claim for tax and insurance expense credits should be set off against the amount to which he is entitled for fair market rental of the premises following the emancipation of the youngest child. In Indiana, the partitioning court may properly set off mutual claims between the parties. *Peden, supra; Geisendorff, supra.* If the tenant in possession makes a claim for improvements or other expenses, his co-tenant is entitled to set off rents and profits for the use and occupation for the period of his possession. *Porter v. Mooney* (1917), 64 Ind.App. 479, 116 N.E. 60.

 The stipulations indicate that the fair market rental value of the premises was $150.00 per month. Multiplying one half of this figure from the time the parties' youngest daughter was emancipated to the date of judgment yields an amount in excess of Margaret's claims for improvements and expenses. The trial court erred in granting any credits against the parties' one-half interests in the real estate.

This cause is reversed and remanded. The trial court is instructed to order a sale of the property and to divide the proceeds equally.

Reversed and remanded.

STATON, P.J., and GARRARD, J., concur.