**WAYNE TOWNSHIP, Appellant–Defendant,**

v.

**LUTHERAN HOSPITAL OF FORT WAYNE, INC., Appellee–Plaintiff.**

No. 02A03–9106–CV–190.

Court of Appeals of Indiana, Third District.

April 29, 1992.

Mark E. Giaquinta, Cynthia Rockwell, Haller & Colvin, Fort Wayne, for appellant-defendant.

James A. Federoff, Thomas J. Galanis, Beckman, Lawson, Sandler, Snyder & Federoff, Fort Wayne, for appellee-plaintiff.

HOFFMAN, Judge.

Appellant-defendant Wayne Township appeals a partial judgment awarding $162,-034.35 to appellee-plaintiff Lutheran Hospital for hospital care and treatment Lutheran Hospital rendered to certain indigent patients for normal pregnancy care and childbirth.

The facts relevant to the appeal disclose that on January 5, 1981, Lutheran Hospital, Parkview Memorial Hospital, and St. Joseph's Hospital filed a complaint for declaratory judgment and verified action for mandate against the Department of Public Welfare and all of the Townships in Allen County, Indiana.[1] On August 9, 1983, the parties entered into stipulated findings of fact and conclusions of law in which they agreed that the trustees of the townships had denied applications for poor relief assistance based on their belief that they had no obligation to pay pregnancy-related hospital expenses or that the hospitals had to first exhaust their obligation to perform charitable services under the Hill–Burton Act. The parties also agreed that the Poor Relief Act, IND.CODE § 12–2–1–1 et seq., obligated the trustees to pay such expenses regardless of whether the hospitals had exhausted their financial obligations under the Hill–Burton Act, and that the Poor Relief Act obligated the trustees to investigate the circumstances of patients the hospitals had referred to them for assistance. On the same day that the parties entered into their stipulations, the trial court entered its decree for declaratory judgment which incorporated the stipulations and ordered the trustees to promptly investigate and determine the eligibility of patients for assistance. The decree also ordered the

---

1. This appeal concerns only the litigation involving Lutheran Hospital and Wayne Township and covers only those hospitalizations which occurred from January 1, 1980 to August 8, 1983.

trustees to re-consider the eligibility of patients whose applications they had previously denied or for whom the hospitals had provided written notice of to the trustees.

On January 28, 1986, the trial court entered an order for further relief based upon declaratory judgment. In its order, the court determined that, with certain limited exceptions, the trustees had failed to make prompt determinations of eligibility of patients who had submitted applications and patients for whom the hospitals had provided written notice. The court also determined that the trustees had been negligent in their statutory duty to provide poor relief assistance and that, with certain limited exceptions, had failed to reimburse the hospitals for services rendered. With respect to pre–1983–decree patients, the court ordered the trustees to make a determination as to each patient's eligibility within 60 days of the receipt of either a discharge summary or a certification from a physician confirming the "normalcy" of the pregnancy and delivery. The court also ruled that the trustees could not deny assistance based on their inability to ascertain eligibility due to the passage of time.

Lutheran Hospital filed a motion for partial judgment on August 19, 1987. After several hearings, the trial court entered its order for special findings of fact and partial judgment on May 31, 1991. The court found in favor of Lutheran Hospital and against Wayne Township in the amount of $99,707.56. The court then awarded Lutheran Hospital $62,326.79 in interest for a total judgment of $162,034.35. This appeal ensued.

Wayne Township raises three issues for review on appeal:

 (1) whether the trial court's 1991 order was contrary to law;

 (2) whether the trial court's 1991 order was beyond the scope of the court's subject-matter jurisdiction; and

 (3) whether the trial court abused its discretion in awarding interest to Lutheran Hospital.

■ The trial court entered its 1991 order for special findings of fact and partial judgment pursuant to Lutheran Hospi-

tal's request; therefore, this Court will not set aside the findings or judgment unless they are clearly erroneous. *DeHaan v. DeHaan* (1991), Ind.App., 572 N.E.2d 1315, 1320. Findings of fact are clearly erroneous when the record is devoid of facts or inferences supporting them. *Id.* A judgment is clearly erroneous when the findings do not support it. *Id.* In determining whether the findings and judgment are clearly erroneous, this Court will neither reweigh the evidence nor rejudge witness credibility but will consider only the evidence and reasonable inferences therefrom which support the judgment. *Id.* A judgment is contrary to law if it is contrary to the trial court's special findings. *Id.*

■ Wayne Township claims the trial court's 1991 order is contrary to law because it requires the trustee to provide poor relief assistance to patients who failed or refused to file an application pursuant to IND.CODE § 12-2-1-6.1(a) (1988 Ed.) which states:

"A township trustee may not extend aid to persons or families unless an application and affidavit setting forth the personal condition of the person or family has been filed with the trustee within one hundred eighty (180) days prior to the date of the extension of aid. The application must be on the form prescribed by the state board of accounts. An applicant for assistance under section 6(b) of this chapter shall comply with section 6(e) of this chapter."

However, the 1991 order as well as the 1986 order for further relief and the 1983 decree for declaratory judgment was based on the stipulated findings of fact and conclusions of law the parties entered into in 1983. Stipulated conclusion of law number 4 required the trustee to

"carefully investigate the circumstances of persons *referred to them* by medical providers for medical assistance under I.C. 12–2–1–6, for medical care and treatment rendered as a result of normal pregnancy, delivery and post-natal care of women and/or their newborn children who are residents of the respective Townships, to make determinations of

eligibility of such persons for such medical assistance and to promptly report such determinations to the applicant and if authorized by the applicant, to the proper authorities of the respective Plaintiffs which rendered such services."

(Emphasis supplied.) Moreover, the 1983 decree which incorporated the stipulations and with which Wayne Township claims to have no dispute provides in pertinent part:

"6. All persons who had been hospitalized at Plaintiff Hospitals for normal pregnancies, deliveries and/or post-natal care during the time period material hereto, on whose behalf applications for Poor Relief assistance had been submitted to the Defendant Townships, *or for whose hospitalizations Plaintiff Hospitals had provided written notice thereof* to the Trustees of the Defendant Townships for the purpose of referring such persons for investigations of eligibility under I.C. 12–2–1–1, *et seq.*, but in which cases the Defendant Townships had, for any of the reasons set forth in paragraph 2 of this Decree, denied such applications or failed to conduct said investigations after receiving such written notices, shall now be considered or reconsidered for eligibility by the Defendant Townships, consistent with said paragraph and in accordance with the Poor Relief standards in effect at the date of receipt of the application or written notice, as the case may be. Written notice shall not mean merely furnishing copies of Plaintiff Hospitals' statements of account."

(Emphasis supplied.) Wayne Township argues that the language permitting the trustee to make eligibility determinations gave the trustee discretion to deny assistance to patients who either refused or failed to file applications; however, due to the trustee's admitted failure to make a prompt and diligent investigation of even those patients the trustee deemed worthy of consideration for assistance (i.e., appli-

cants), this Court finds Wayne Township's argument lacking in merit. In *Wittwer v. Wittwer* (1989), Ind.App., 545 N.E.2d 27, this Court noted that stipulated facts are conclusive upon both the parties and the tribunal, and that a party cannot properly challenge facts on appeal which it has stipulated to below. *Id.* at 29. Here, the stipulations obligated the trustee to investigate referrals as well as applicants; therefore, Wayne Township cannot challenge the trial court's later orders to enforce the provisions of the 1983 decree. *See United Farm Bureau Mut. Ins. Co. v. Ira* (1991), Ind.App., 577 N.E.2d 588, 592 ("Courts have inherent power to entertain an action to determine whether a judgment has been carried out and satisfied.").

■ Next, Wayne Township contends the trial court's 1991 order was beyond the scope of the court's subject-matter jurisdiction. Specifically, Wayne Township contends the court's power to grant further relief remained subject to the statutory right of the trustee to determine eligibility under IND.CODE § 12–2–1–1, *et seq.* However, as previously discussed, Wayne Township stipulated to investigate referrals as well as applicants, and the court's later orders sought only to enforce the stipulations. Moreover, although Wayne Township asserts that the 1991 order awarding money damages created a remedy that did not exist in the initial decree for declaratory judgment, this Court has stated that "Indiana courts now may grant executory or coercive relief in declaratory judgment actions in addition to determining the rights and status of the parties." *Artusi v. City of Mishawaka* (1988), Ind.App., 519 N.E.2d 1246, 1250. Accordingly, the 1991 order did not exceed the trial court's subject-matter jurisdiction.[2]

■ Lastly, Wayne Township argues that the trial court abused its discretion in awarding interest to Lutheran Hospital from August 9, 1983, the date of the decree

---

**2.** Lutheran Hospital argues that Wayne Township has waived the stipulation and subject-matter jurisdiction issues by failing to timely appeal the 1983 decree. However, as previously discussed, Wayne Township has never claimed to

have a dispute with the 1983 decree. Considering the confusion regarding whether the stipulations and decree pertained only to applicants, Wayne Township did not waive the issues for review.

for declaratory judgment, to May 31, 1991, the date of the order for partial judgment. As Wayne Township notes, the court did not specify whether the interest was pre- or post-judgment; however, based on the dates covered by the award, this Court finds the award to be one of pre-judgment interest.

 As both parties note, the award of pre-judgment interest is founded solely upon the theory that there has been a deprivation of the plaintiff's use of money or its equivalent and that unless interest is added, the plaintiff cannot be fully compensated for the loss suffered. *Wedge v. Lipps Industries, Inc.* (1991), Ind.App., 575 N.E.2d 332, 336. Pre-judgment interest is recoverable not as interest but as additional damages to accomplish full compensation. *Id.* The crucial factor in determining whether pre-judgment interest is proper is whether the damages were ascertainable in accordance with fixed rules of evidence and accepted standards of valuation at the time the damages accrued. *Id.*

Specifically, Wayne Township argues that because it contested certain patients' eligibility for assistance, the amount it owed Lutheran Hospital was not ascertainable in accordance with fixed rules of evidence and known standards of value. However, "the test is not whether the parties have mutually fixed the amount in dispute; rather, the question is whether the principal amount is ascertainable by mere computation." *Community State Bank v. O'Neill* (1990), Ind.App., 553 N.E.2d 174, 177. Here, the identity of the patients was known and the amount of their medical expenses was readily ascertainable. The fact that Wayne Township contested its liability for the payment of certain patients' accounts did not render the amount any less ascertainable. *See Floyd v. Jay Cty. Rural Elec. Membership Corp.* (1980), Ind.App., 405 N.E.2d 630, 636 (where, after determining liability in multitude of separate incidents, trier of fact had only to add sums of money involved in each to determine damages, case was proper for allowing pre-judgment interest). The trial court did not abuse its discretion in awarding interest to Lutheran Hospital.

Affirmed.

GARRARD and BAKER, JJ., concur.