**4–D BUILDINGS, INC., Appellant–Plaintiff,**

**v.**

**James L. PALMORE and Durene L. Palmore d/b/a The Golden Post, Inc., Appellees–Defendants.**

**No. 41A01–9707–CV–205.**

Court of Appeals of Indiana.

Dec. 11, 1997.

Roger A. Young, Young and Young, Franklin, for Appellant–Plaintiff.

Lori A. Torres, Smart Kessler & Torres, Greenwood, for Appellees–Defendants.

## OPINION

ROBERTSON, Judge.

4–D Buildings, Inc. [Builder] appeals the judgment entered after a bench trial in this dispute regarding Builder's construction of two buildings for a dog kennel business known as The Golden Post, Inc. [Kennel]. Builder raises two issues. We affirm in part and reverse in part.

### FACTS

The facts in the light most favorable to the trial court's judgment reveal that Builder built four buildings for Kennel. Builder initiated the present lawsuit requesting foreclosure of a mechanic's lien filed against one of the buildings in the amount of $4,221.00.

Kennel counterclaimed against Builder alleging that one of the other buildings had been constructed defectively.

Kennel admitted it owed the amount secured by the mechanic's lien. Builder agreed to accept a "tender" in the amount of $4,933.56 representing the balance due on the contract, partial attorney fees, prejudgment interest which had accrued up until late 1996 at the rate of $0.92 per day, and the costs of the action, in exchange for releasing Kennel from any further accumulation of prejudgment interest. On December 18, 1996, Kennel paid the agreed upon amount into court and requested that the court hold the money pending the outcome of the litigation and the determination of Kennel's "right of set-off" with respect to its counterclaim. Builder objected, arguing that in order to effect a proper tender, the payment must be made directly to Builder. The trial court ruled that it would hold the money pending the outcome of the litigation.

All issues were tried to the bench. In its findings entered in conjunction with the present judgment, the trial court found that payment into court constituted a proper tender. With respect to Builder's claim on its mechanic's lien, the trial court entered judgment in the amount of $5,561.24—an amount higher than the amount paid into court which apparently reflects additional attorney fees. (See footnote 1 *infra* ).

. With respect to Kennel's counterclaim, the trial court found in favor of Kennel and awarded $10,500.00 in damages representing the "cost of cure" with respect to the alleged construction defects. The trial court offset the two judgments, ordered the $4,933.56 held by the Clerk to be returned to Kennel, and entered judgment in favor of Kennel for $4,938.76. This appeal ensued.

## DECISION

■ On appeal of a bench decision, the appellate court will not set aside the judgment unless it is clearly erroneous. Ind.Trial Rule 52(A). When the trial court enters findings on its own motion (as in the present case), specific findings control only as to issues they cover while a general judgment standard applies to any issue upon which the

court has not found. *Matter of Estate of Burmeister,* 621 N.E.2d 647, 649 (Ind.Ct. App.1993). The reviewing court will affirm if the judgment can be sustained on any legal theory supported by the evidence most favorable to the judgment, together with all reasonable inferences to be drawn therefrom. *Klebes v. Forest Lake Corp.,* 607 N.E.2d 978, 982 (Ind.Ct.App.1993), *trans. denied.* Where trial court findings on one legal theory are adequate, findings on another legal theory amount to mere surplusage and cannot constitute the basis for reversal even if erroneous. *Williams v. Rogier,* 611 N.E.2d 189, 196 (Ind.Ct.App.1993), *trans. denied; Donavan v. Ivy Knoll Apartments Partnership,* 537 N.E.2d 47, 52 (Ind.Ct.App.1989).

### I.

#### *Prejudgment Interest*

■ In the present case, Builder's claim on its mechanic's lien was not disputed, nor was its claim to prejudgment interest as a part of its damages. *See Eden United, Inc. v. Short,* 653 N.E.2d 126, 133 (Ind.Ct.App. 1995) (An award of prejudgment interest is appropriate where the damages are complete and ascertainable), *trans. denied.* Builder argues that Kennel's payment into court was not a proper tender which served to cut off the accumulation of its undisputed entitlement to prejudgment interest. Builder argues that the money should have been paid directly to it in order that it could benefit from the money. We agree.

■ The award of prejudgment interest is based on the rationale that there has been a deprivation of the plaintiff's use of money or its equivalent and that unless interest is added, the plaintiff cannot be fully compensated. *Wayne Township v. Lutheran Hospital of Fort Wayne, Inc.,* 590 N.E.2d 1130, 1134 (Ind.Ct.App.1992), *trans. denied.* It is well-settled that a proper tender will serve to discharge the obligation to pay additional interest. *See* Ind.Code 26–1–3.1–603(c); I.C. 34–2–24–1. A proper tender generally requires full payment of a debt due, and *if refused,* the tender must be kept open by paying the full amount into court. *Maddox*

*v. Wright,* 489 N.E.2d 133, 138 (Ind.Ct.App. 1986); I.C. 34–2–24–1.

In the present case, Builder agreed that it would accept a certain amount and release Kennel from any further obligation to pay prejudgment interest. However, Kennel did not pay the money to Builder, but instead, paid the money into court. After Builder objected, the trial court would not permit Builder to withdraw the "tendered" amount. Thus, Builder received no benefit from the "tender" and no compensation for the deprivation of the use of the money. On the contrary, the "tender" benefitted Kennel by securing partial payment of its hotly disputed, unliquidated counterclaim against Builder.

Accordingly, Kennel's payment into court did not constitute a proper tender which served to cut off the further accumulation of prejudgment interest.[1] Therefore, we reverse and remand with instructions that the trial court award Builder an appropriate amount of additional prejudgment interest.

## II.

### Excessive Damages on Kennel's Counterclaim

Builder conducts an analysis of the evidence in support of its argument that the damages awarded Kennel on its counterclaim were excessive. Builder points out that the estimates submitted by Kennel's contractors included additional materials and services not contemplated in the original contract. Specifically, Builder argues that Kennel's recovery cannot include amounts for concrete sealer because the original contract excluded concrete sealer. Similarly, Builder argues that Kennel's award cannot appropriately contain an amount for the provision of a heat source to the contractors while they performed their work. Thus, Builder argues that the trial court's award is erroneous because it places Kennel in a better position than it would have been but for the breach.

As stated in *Fowler v. Campbell,* 612 N.E.2d 596 (Ind.Ct.App.1993):

An appeal of a damage award as excessive is governed by a strict standard of review. We will neither reweigh the evidence nor judge the credibility of witnesses, and will consider only the evidence favorable to the award. A judgment is not excessive unless the amount cannot be explained upon any basis other than prejudice, passion, partiality, corruption, or some other improper element. A damage award must be supported by probative evidence and cannot be based on mere speculation, conjecture, or surmise. Thus, a damage award will be reversed only when it is not within the scope of the evidence before the finder of fact.

It is a fundamental rule of damages that a party injured by a breach of contract may recover the benefit of his bargain but is limited in his recovery to the loss actually suffered. When a contractor breaches an agreement, the injured party may not be placed in a better position than he would have enjoyed if the breach had not occurred. A damage award must be referenced to some fairly defined standard, such as cost of repair, market value, established experience, rental value, loss of use, loss of profits or direct inference from known circumstances.... Where, as here, the construction contract has been completed and the owner has paid the contract price in full and taken possession, one measure of damages is the reasonable cost of altering the defective parts to make them conform to the plans and specifications.

*Id.* at 603.

In the present case, the evidence supports the conclusion that simply pouring additional concrete or cement on the old would not rectify the defect because the new material

---

1. Kennel points out that the trial court awarded Builder judgment in an amount larger than the amount paid into court. Kennel argues that some of the additional amount awarded could have represented additional prejudgment interest. However, in its findings, the trial court specifically found that the payment into court constituted a proper tender. As noted above, specific findings control as to issues they cover. *Burmeister,* 621 N.E.2d at 649. The specific finding of a proper tender necessarily implies that the trial court found that Kennel's obligation to pay additional prejudgment interest was discharged upon the tender.

would not properly and permanently adhere to the old without also using concrete sealer. Moreover, the evidence supported the award of a heat source for the contractors because the remedial work would have be done during the winter, during Kennel's off-season, to avoid disrupting the Kennel's business, and the area to be altered would have to be heated to 65 degrees Fahrenheit in order for the process to take. The evidence submitted on the cost of bringing the Kennel up to the specifications required by the original contract ranged between a few thousand dollars to almost $16,000.00. As noted above, the trial court awarded $10,500.00. As the award was within the scope of the evidence, we find no error.

Judgment reversed in part as outlined under Issue I. In all other respects, we affirm.

RUCKER, J., concurs.

BAKER, J., concurs in result with separate opinion.

BAKER, Judge, concurring in result.

Although I agree with the majority's conclusion that the trial court must recalculate the amount of prejudgment interest, I write separately to note that, had the clerk deposited Kennel's check into an interest-bearing account, the trial court would not have erred in calculating the prejudgment interest. In the present case, the majority concludes that Kennel's payment to the clerk was not a proper tender, and therefore did not serve to cut off the accumulation of prejudgment interest, because the Builder was not permitted to withdraw the funds. Thus, the majority concludes that Builder was entitled to receive additional compensation, in the form of prejudgment interest, for the deprivation of the use of its money. However, had the clerk deposited Kennel's payment into an interest-bearing account, Builder would have received compensation for its lost use of the funds. Under such circumstances, Kennel would not be liable for additional prejudgment interest. Nevertheless, because nothing in the record indicates that the clerk deposited Kennel's payment into such an account, I am compelled to concur in the result.