Kenneth HAY, Appellant–Defendant,

v.

Wanda J. HAY, Appellee–Plaintiff.

No. 87A01–0711–CV–534.

Court of Appeals of Indiana.

April 25, 2008.

---

Kathryn L. Kornblum, Vanstone & Kornblum, Evansville, IN, Attorney for Appellant.

Gregory G. Meyer, Meyer Stone & Stratman, LLP, Evansville, IN, Attorney for Appellee.

## OPINION

BARNES, Judge.

### Case Summary

Kenneth Hay appeals the trial court's granting of Wanda Hay's motion for summary judgment and the denial of his cross-motion for summary judgment. We affirm.

### Issue

Kenneth raises two issues, which we consolidate and restate as whether the trial court properly ordered the sale of property that Kenneth held jointly with Wanda.

### Facts

In 1985, Kenneth's parents executed a warranty deed to Kenneth and his brother, Robert Hay, Wanda's deceased husband. Pursuant to the deed, Kenneth and Robert received forty acres of property in Vanderburgh County as tenants in common. The deed contained the following language:

> In the event either Grantee (or his wife, if she has an interest in the real estate) desires to sell his interest in the real estate, then, upon receiving an offer from a third party satisfactory to him,

he shall offer it to the other Grantee upon the same terms and conditions. App. p. 66.

On January 18, 2007, Wanda filed a complaint for partition, requesting the public sale of the property and the distribution of the proceeds of the sale to Kenneth and her. On April 5, 2007, Kenneth responded, stating that the property could not be divided without damage to the owners and requesting that the trial court establish the value of the property, permit each party to purchase the other party's share, and if the parties cannot reach an agreement to appoint a commissioner to facilitate the sale of the property.

On July 3, 2007, Wanda moved for summary judgment, designating the pleadings in support of her motion. On August 6, 2007, Kenneth filed a response to Wanda's motion and a cross-motion for summary judgment. In support of his motion, Kenneth designated the parties' two appraisals, their negotiation letters, and a copy of the deed.[1] Kenneth argued that based on the parties' independent appraisals, the trial court could determine the value of the property. Kenneth also requested that Wanda be ordered to sell her interest in the property to him for one-half of the appraised value or that the commissioner give Kenneth the right of first refusal to match the highest offer from a third party as set forth in the deed.

After a hearing, the trial court entered summary judgment in favor of Wanda. The trial court ordered that the property be sold pursuant to the partition statute. Kenneth now appeals.

## Analysis[2]

■ Kenneth argues that the trial court improperly granted summary judgment in favor of Wanda and improperly denied his motion for summary judgment because the provisions of the deed control and only Wanda's interest in the property needs to be sold. In reviewing a trial court's decision to grant or deny summary judgment, we apply the same standard as the trial court. *Keaton & Keaton v. Keaton,* 842 N.E.2d 816, 819 (Ind.2006). We decide whether there are genuine issues of material fact and whether the moving party is entitled to judgment as a matter of law. *Id.* Our review is limited to those materials designated to the trial court. *Sees v. Bank One, Indiana, N.A.,* 839 N.E.2d 154, 160 (Ind.2005) (citing Ind. Trial Rule 56(H)). We accept as true those facts alleged by the non-moving party, construe the evi-

1. Wanda argues that the appraisals, letters of negotiation, and deed are not properly before this court. Although these documents were included in Kenneth's designated evidence, Wanda asserts that they are inadmissible and improper for consideration on summary judgment and on appeal. From our review of the record, however, it appears that Wanda only challenged the admissibility of the letters of negotiation and the appraisals at the summary judgment hearing. Therefore, only this claim would be properly preserved for our review. *See Everage v. Northern Indiana Pub. Serv. Co.,* 825 N.E.2d 941, 948 (Ind.Ct.App. 2005) ("A party that fails to make a timely objection or fails to file a timely motion to strike waives the right to have the evidence excluded at trial and the right on appeal to assert the admission of evidence as errone-

ous."). Regardless, because these letters and appraisals are irrelevant to our decision today we need not determine their admissibility. *See* Ind. Trial R. 61 ("The court at every stage in the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.").

2. In his Summary of the Argument, Kenneth asserts that equity demands, "Wanda should bear all further costs and expenses of the action." Appellant's Br. p. 5. Kenneth, however, fails to develop this argument and support it with cogent reasoning and citation to authority in the Argument section of his brief. This issue is waived. *See* Ind. Appellate Rule 46.

dence in favor of the non-moving party, and resolve all doubts against the moving party. *Id.* When considering cross-motions for summary judgment, the trial court is required to consider each motion separately, construing the facts most favorably to the non-moving party in each instance. *Id.* "We will affirm a grant of summary judgment if it can be sustained on any theory or basis in the record." *Cincinnati Ins. Co. v. American Alternative Ins. Corp.*, 866 N.E.2d 326, 329 (Ind. Ct.App.2007), *trans. denied.*

■ Kenneth first argues that the language of the deed mandates how one co-tenant shall sell his or her interest in the property. The deed issued by Kenneth's parents provides:

> In the event either Grantee (or his wife, if she has an interest in the real estate) desires to sell his interest in the real estate, then, upon receiving an offer from a third party satisfactory to him, he shall offer it to the other Grantee upon the same terms and conditions.

App. p. 66. Kenneth claims this covenant required Wanda to "obtain a third-party value of the property and allow Ken to purchase on the same terms and conditions." Appellant's Br. p. 9. We believe Kenneth's reading of this covenant is over-broad.

■ This covenant gives the co-tenant a right of first refusal to purchase the property under certain circumstances. "A right of first refusal is a 'potential buyer's contractual right to meet the terms of a third party's offer if the seller intends to accept that offer.' " *In re Estate of Owen*, 855 N.E.2d 603, 612 (Ind.Ct.App.2006) (quoting *Black's Law Dictionary* 1325 (7th ed.1999)). As we have previously observed, when initially granted, a right of first refusal is " 'a dormant set of rights that does not entitle the holder to take any action until receipt of a bona fide offer.' "

*Id.* (citation omitted). "Once the holder of a right of first refusal receives notice of a third party's offer, the right of first refusal is transmuted into an option." *Id.* "The parties must then strictly comply with the terms stipulated in the contract for the exercise of the option to be effective." *Id.*

This covenant does not describe the only manner in which the property may be sold; it simply gives the co-tenant a right of first refusal to purchase the property if a third party offers to buy it. Accordingly, Kenneth was not entitled to take any action until Wanda received a bona fide offer from a third party. *See id.* Kenneth directs us to no designated evidence showing that Wanda received a bona fide offer. Thus, Kenneth has not established that the right of first refusal was transmuted into an option and that the terms of the covenant must be strictly complied with. *See id.* Kenneth is not entitled to summary judgment based on the covenant in the deed.

■ We must also determine whether Wanda was entitled to seek the partition, or as in this case the sale of the property. Generally speaking, a partition proceeding is an equitable one, in which the court has great flexibility in fashioning relief for the parties. *Willett v. Clark*, 542 N.E.2d 1354, 1358 (Ind.Ct.App.1989). "By statute, tenants have the right to a partition of the co-tenancy, along with the right [t]o a sale of the entire tract of land in the event that said land is indivisible." *Gilstrap v. Gilstrap*, 397 N.E.2d 1277, 1281 (Ind.Ct.App. 1979). "The extensive statutory procedures are designed to protect the rights of all parties to a partition action." *Bechert v. Bechert*, 435 N.E.2d 573, 575 (Ind.Ct. App.1982).

A person who holds an interest in land as a joint tenant or tenant-in-common may compel the partition of the land. Ind.Code

§ 32–17–4–1(a)(1)(A). Wanda filed such an action. If, by the consent of the parties, "the court determines the land for which partition is demanded cannot be divided without damage to the owners, the court may order the whole or any part of the premises to be sold as provided under section 12 of this chapter." I.C. § 32–17–4–4(d). The parties agreed the land cannot be divided without damage, and the trial court ordered the sale of the property.

 Referencing Indiana Code Section 32–17–4–12(a),[3] which permits the trial court to "order the whole or any part of the land to be sold," Kenneth claims that the trial court should have ordered the sale of Wanda's interest only. This section, however, provides for the sale of a portion of the land, not a portion of the co-tenants' interests in the land. Our reading of the statute is in keeping with the holding that "the trial court does not have the power to order one tenant to sell his interest to the other, while allowing the tenant in possession the right to retain the entire tract." *Janik v. Janik*, 474 N.E.2d 1054, 1057 (Ind.Ct.App.1985) (citing *Alleman v. Hawley*, 117 Ind. 532, 534, 20 N.E. 441, 441–42 (1889)). There is no indication that the trial court was permitted, let alone required, to order the sale of only Wanda's interest in the property.[4] The trial court properly granted Wanda's motion for summary judgment.

## Conclusion

The trial court properly granted Wanda's motion for summary judgment and

denied Kenneth's cross-motion for summary judgment. We affirm.

Affirmed.

SHARPNACK, J., and VAIDIK, J., concur.

---

3. We assume for the sake of Kenneth's argument that Indiana Code Section 32–17–4–12(a) applies, despite the fact that no commissioner's report was provided to the trial court because the parties agreed that the property could not be divided.

4. Although Kenneth references the tax implications in his brief, without more we see no reason why Kenneth would not be able to purchase the entire parcel at the public sale.