

**FILED**

Feb 25 2015, 10:09 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

| | |
|---|---|
| Aᴘᴘᴇʟʟᴀɴᴛ Pʀᴏ Sᴇ | Aᴛᴛᴏʀɴᴇʏs ғᴏʀ Aᴘᴘᴇʟʟᴇᴇs |
| Robert L. Holleman<br>Pendleton, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana<br><br>Kathy Bradley<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Robert L. Holleman,<br><br>*Appellant-Plaintiff,*<br><br>v.<br><br>Indiana Department of Correction, Bruce Lemmon, as Commissioner of the Indiana Department of Correction, and Bob Bugher, as Chief Counsel for the Indiana Department of Correction,<br><br>*Appellees-Defendants.* | February 25, 2015<br><br>Court of Appeals Cause No. 49A05-1409-PL-443<br><br>Appeal from the Marion Superior Court.<br>The Honorable Timothy W. Oakes, Judge.<br>Cause No. 49D13-1405-PL-17608 |

**Darden, Senior Judge**

# Statement of the Case

Robert Holleman sued the Indiana Department of Correction and its officials for failing to respond to his public records request. The Department subsequently produced documents in response to his request and moved to dismiss his complaint on grounds of mootness. The trial court dismissed the case and Holleman appeals. The Department concedes that remand is necessary for further proceedings. We affirm in part, reverse in part, and remand.

# Issue

Holleman raises two issues, which we consolidate and restate as: whether the trial court erred in granting the Department's motion to dismiss.

# Facts and Procedural History

On January 9, 2014, Holleman submitted a request for public records to the Indiana Department of Correction, directed to its Commissioner, Bruce Lemmon. The Department did not respond to Holleman's request.

Next, on February 11, 2014, Holleman filed a formal complaint with the Indiana Public Access Counselor. The Counselor sent a notice to the Department, via Commissioner Lemmon and Chief Counsel Robert Bugher, requesting a response by February 24, 2014. The Department did not submit a response to the Counselor.

[5]     On March 13, 2014, the Counselor issued an advisory opinion. He noted that if the Department possessed the records Holleman requested, then the Department "violated the Access to Public Records Act by not acknowledging [Holleman's] request within seven days thereby denying [Holleman's] request." Appellant's App. p. 19.

[6]     Holleman began this case on May 20, 2014, by filing a civil complaint against the Department, as well as against Lemmon and Bugher in their official capacities.[1] He alleged that all three defendants violated statutes that govern access to public records by failing to respond to his request and to the Counselor's request for a response to his formal complaint. He asked the court to impose a civil penalty of $100 on each of the three defendants. He also requested reimbursement for costs he incurred filing his civil complaint.

[7]     Subsequently, the Department, through Chief Counsel Bugher, sent Holleman a response to his public records request and included documents the Department asserted were responsive to Holleman's request. Next, the Department filed a motion to dismiss Holleman's complaint, alleging the dispute was moot because the Department had responded to Holleman.

[8]     Holleman responded to the motion to dismiss, asserting that the case was not moot because: (1) he had requested civil penalties, and (2) he had requested reimbursement for his court costs. The Department filed a reply in which it

_____

[1] We will refer to all three defendants collectively as "the Department."

asserted that Holleman's claims for penalties and court costs were rendered moot when the Department provided the documents. In addition, the Department asserted that, at a minimum, Lemmon and Bugher should be dismissed from the case because they were not proper defendants in an action involving a public records request.

[9] The trial court granted the Department's motion to dismiss and dismissed Holleman's complaint with prejudice. This appeal followed.

## Discussion and Decision

[10] The Department moved to dismiss Holleman's complaint under Indiana Trial Rule 12(B). An argument that a case is moot resembles a motion to dismiss for failure to state a claim under Trial Rule 12(B)(6). A motion to dismiss for failure to state a claim tests the legal sufficiency of a claim, not the facts supporting it. *Medley v. Lemmon*, 994 N.E.2d 1177, 1182 (Ind. Ct. App. 2013), *trans. denied*. We review de novo a trial court's ruling on such a motion, and we must determine whether the allegations on the face of the complaint establish any set of circumstances under which a plaintiff would be entitled to relief. *Id.* Courts are required to review the complaint in the light most favorable to the nonmoving party, with every inference in the nonmovant's favor. *Greer v. Buss*, 918 N.E.2d 607, 614 (Ind. Ct. App. 2009).

[11] With respect to access to public information, the General Assembly has provided as follows:

A fundamental philosophy of the American constitutional form of representative government is that government is the servant of the people and not their master. Accordingly, it is the public policy of the state that all persons are entitled to full and complete information regarding the affairs of government and the official acts of those who represent them as public officials and employees. Providing persons with the information is an essential function of a representative government and an integral part of the routine duties of public officials and employees, whose duty it is to provide the information. This chapter shall be liberally construed to implement this policy and place the burden of proof for the nondisclosure of a public record on the public agency that would deny access to the record and not on the person seeking to inspect and copy the record.

Ind. Code § 5-14-3-1 (1995).

[12] Indiana Code sections 5-14-3-1 et seq. set forth procedures that put into effect the General Assembly's policy of liberal access to public information. It appears (and the Department does not dispute) that Holleman complied with statutory procedures in filing his public records request. Furthermore, the Department tendered its response six months after Holleman submitted his request, with no explanation for the delay.

[13] In any event, the Department concedes that the trial court did not address Holleman's claims for civil penalties and court costs and further concedes that those claims "did not become moot when Holleman was provided with the records." Appellees' Br. p. 5. Thus, the Department agrees with Holleman that "this matter should be remanded for further proceedings with respect to these claims." *Id.* Based upon our review of statutory authorities, we agree that he has stated cognizable claims for relief with respect to civil penalties and court costs. *See* Ind. Code §§ 5-14-3-9 (2013), 5-14-3-9.5 (2012). We thus reverse the

trial court's grant of the Department's motion to dismiss as it pertains to those claims and remand for further proceedings on those claims. We express no opinion on the merits of those claims.

[14] Holleman argues that this Court, instead of the trial court, should determine whether he is entitled to civil penalties and court costs. We disagree. The statutes that govern the award of penalties and court costs require a degree of fact-finding, so the trial court is the appropriate forum to address those claims. *See* Ind. Code §§ 5-14-3-9 (court shall award court costs if it is proven that "the plaintiff substantially prevails"), 5-14-3-9.5 (court may award civil penalties if it is proven that the public official denied the request "with the specific intent to unlawfully withhold a public record").

[15] However, there is one point of contention between the parties. The Department asserts that Holleman's complaint is moot with respect to the actual production of documents because the Department eventually produced documents in response to his request. Holleman asks this Court to strike that portion of the Department's Appellees' Brief, asserting that it goes beyond the scope of the arguments he presents in his Appellant's Brief. He further argues on the merits that there is a live controversy as to whether the Department may have unfairly withheld additional documents or information that is responsive to his public records request.

[16] In his response to the Department's motion to dismiss, Holleman never claimed that his public records request remained live after the State produced the

documents. He noted in passing that the Department produced "some of the requested records," Appellant's App. p. 51, but his arguments focused primarily upon his claims for civil penalties and attorney's fees. In addition, his response's prayer for relief requested further proceedings on civil penalties and costs but did not assert that the trial court needed to determine whether the Department had fully responded to his public records request. Holleman failed to place the trial court on notice that he intended to litigate the sufficiency of the Department's response to his public records request. He has thus waived that claim for appellate review. *See Bowden v. Agnew*, 2 N.E.3d 743, 749 (Ind. Ct. App. 2014) (claim waived for raising it for the first time on appeal). We affirm the trial court's grant of the Department's motion to dismiss as it pertains to whether the Department produced all of the documents or information in its possession that is responsive to Holleman's request.

# Conclusion

[17] For the reasons stated above, we affirm in part, reverse in part, and remand for proceedings consistent with this opinion.

[18] Affirmed in part, reversed in part, and remanded.

[19] Robb, J., and Crone, J., concur.