Bailey, Judge,
dissenting.
I agree with the majority that' the package offer triggered the rights of first refusal (“ROFR”). The majority next concludes, however, that B&R Oil breached the ROFR when it gave the lessees the opportunity to match the package offer instead of obtaining an offer specific to each leased premises. Because T would instead' conclude that B&R Oil met its obligations under the plain language of the contract, I must dissent.
When the language of a contract is unambiguous, we are to “give effect to the parties’ intentions as expressed in the four corners of the instrument. Clear, plain, and unambiguous terms are conclusive of that intent. This court will not construe clear and unambiguous provisions, nor will we add provisions not agreed upon by the parties." Hyperbaric Oxygen Therapy Sys., Inc. v. St. Joseph Med. Ctr. of Ft. Wayne, Inc., 683 N.E.2d 243, 247-48 (Ind. Ct. App. 1997),, trans. denied, (internal quotation marks and citation omitted); see also Ryan v. TCI Architects/Engineers/Contractors, Inc., 72 N.E.3d 908, 914 (Ind. 2017) (“In interpreting a contract, we ascertain the intent of the parties at the time the contract was made, as disclosed by the language used, to express the parties’ rights and duties.”). - ,
Here, the plain language of the contract dictates precisely what must happen when B&R Oil receives a triggering offer: “Lessor shall give Lessees Fifteen (15) days for Lessees to make to lessor a firm commitment to match said offer and to seek financing for the purchase of the property at said purchase price before Lessor sells its interest in the leased premises to- a third party.” Appellant’s App. Vol. V at 46, 59 (emphases added). B&R Oil notified the lessees that .it re *834 ceived a package offer, and the lessees declined to make a package purchase.[4] Thus, applying the negotiated contract language—and only those agreed-to terms—I would conclude that B&R Oil did not breach the ROFR, and is therefore entitled to summary judgment.
In reaching an opposite conclusion, the majority characterizes B&R Oil’s actions as contractual sabotage because B&R failed to “present[ ] an offer to the lessees that conforms with the ROFR.” Op. at 881. But the contract does not define conforming or non-conforming offers, nor does it restrict the ROFR from applying to any offer that B&R Oil intended to accept. Rather, the defined right is the opportunity to match a third-party offer. Had the parties wished to restrict B&R Oil from passing through package offers, they could have readily done so.
The majority also expresses concern about what might have happened if, under B&R Oil’s interpretation, more than one lessee had wished to match the package deal. I would not, however, forecast “an untenable collision of rights,” Op. at 830, but instead a predictable result. That is, a right of first refusal applies only where the seller intends to accept the third-party offer. See Hay v. Hay, 885 N.E.2d 21, 24 (Ind. Ct. App. 2008) (“A right of first refusal is a potential buyer’s contractual right to meet the terms of a third party’s offer if the seller intends to accept that offer.”) (internal quotation marks omitted). Had more than one party wished to make the package purchase, then I suspect that B&R Oil would have intended to accept the highest offer. See also “Right of First Refusal,” Black’s Law Dictionary (10th ed. 2014) (defining the right as “[a] potential buyer’s contractual right to meet the terms of a third party’s higher offer”). Indeed, no language in the ROFR prevents continued negotiations, and nothing about B&R Oil’s interpretation necessarily yields a result more peculiar than that of any “seller’s market,” in which a seller seeks the best-possible deal while multiple parties jockey for the same property.
It should also be noted that the lessees’ rights were not nullified by the Empire sale, but instead remained unchanged. That is, when Empire purchased the properties from B&R Oil, the leases stood in full force, obligating Empire to comply with the ROFR for the entire term of each lease. Thus, should Empire wish to sell either property—individually or otherwise—Empire must do what B&R Oil has done, and give the lessees the opportunity to match a triggering offer, which is all that the ROFR contemplates.
Ultimately, I do not see a matter of first impression, but instead an ordinary matter of contract interpretation. Thus, I would apply Indiana’s approach to contract interpretation, which is both clear and predictable, even when the consequences of doing so might seem unfair: we treat bargained-for language as the parties’ intent. Applying that unambiguous language here, I would reverse and remand for entry of summary judgment in favor of B&R Oil and Empire.
I therefore respectfully dissent.

. The majority notes that even if it accepted B&R Oil's interpretation of the ROFR, it would conclude that B&R Oil was in breach because it did not communicate the precise terms of the triggering offer. I see no breach. however, because the lessees rejected the opportunity to make a package purchase and none has contended that it would have made such a purchase.