# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 09 2017, 8:15 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Joe M. Duepner
Duepner Law LLC
Noblesville, Indiana

Christopher P. Jeter
Massillamany & Jeter LLP
Fishers, Indiana

ATTORNEY FOR APPELLEE

Kurt V. Laker
Doyle & Foutty, P.C.
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Nathan E. Mylet, | June 9, 2017 |
| *Appellant-Defendant / Counterclaimant,* | Court of Appeals Case No. 29A02-1608-MF-2004 |
| v. | Interlocutory Appeal from the Hamilton Superior Court |
| Santander Bank, N.A., | The Honorable Steven R. Nation, Judge |
| *Appellee-Plaintiff / Counterclaim Defendant* | The Honorable David K. Najjar, Magistrate |
| | Trial Court Cause No. 29D01-1411-MF-10776 |

**Crone, Judge.**

# Case Summary

Nathan E. Mylet asked his mortgage lender, Santander Bank, N.A., about refinancing his mortgage loan. Mylet was told that he did not qualify for refinancing but could obtain a loan modification if he missed three mortgage payments. Mylet missed three payments, and Santander subsequently filed a mortgage foreclosure action against him. Mylet filed seven counterclaims against Santander. Santander filed a motion to dismiss for failure to state a claim, and the trial court dismissed all but one of Mylet's counterclaims. On appeal, Mylet argues that the trial court erred in dismissing his negligence-related counterclaims. We disagree and therefore affirm.

# Facts and Procedural History

In November 2010, Mylet signed a promissory note to Santander for a loan to purchase a home in Sheridan. The loan was secured by a mortgage on the home. In April 2014, Mylet contacted Santander to ask about refinancing the loan to obtain a lower interest rate. Santander employee George Feliciano told Mylet that he did not qualify for refinancing because of his credit score but "that if he missed three months of mortgage payments he could obtain a loan modification which would include a lower interest rate." Appellant's App. Vol. 3 at 39. Based on Feliciano's advice, Mylet intentionally missed three payments. In July 2014, Santander sent Mylet a notice of default and intention to foreclose mortgage, and it later denied his request for a loan modification. Santander encouraged Mylet to go through the same process three more times, and each time his request for a loan modification was denied.

In November 2014, Santander filed a complaint on note and for foreclosure of mortgage. In October 2015, Mylet filed an amended answer and seven counterclaims, including fraud, negligent misrepresentation, and negligence. Santander filed a motion to dismiss for failure to state a claim pursuant to Indiana Trial Rule 12(B)(6). After a hearing, the trial court dismissed all counterclaims except fraud. This interlocutory appeal ensued.

## Discussion and Decision

Mylet contends that the trial court erred in dismissing his negligence-related counterclaims. "A motion to dismiss for failure to state a claim tests the legal sufficiency of a claim, not the facts supporting it." *Holleman v. Ind. Dep't of Corr.*, 27 N.E.3d 293, 295 (Ind. Ct. App. 2015). We review de novo a trial court's ruling on such a motion, and we must determine whether the allegations on the face of the counterclaims establish any set of circumstances under which Mylet would be entitled to relief. *See id.* (referring to complaint). We must review the counterclaims in the light most favorable to Mylet as the nonmoving party, with every inference in his favor. *See id.* (same). We will affirm a successful Trial Rule 12(B)(6) motion when a counterclaim states a set of facts that, even if true, would not support the requested relief. *See Hammons v. Jenkins-Griffith*, 764 N.E.2d 303, 305 (Ind. Ct. App. 2002) (same).

"[U]nder longstanding Indiana law, a defendant is not liable under a tort theory for any purely economic loss caused by its negligence …." *U.S. Bank, N.A. v. Integrity Land Title Corp.*, 929 N.E.2d 742, 745 (Ind. 2010) (citation and

quotation marks omitted). "This rule precluding tort liability for purely economic loss—that is, pecuniary loss unaccompanied by any property damage or personal injury (other than damage to the product or service itself)—has become known as the 'economic loss rule' …." *Indianapolis-Marion Cty. Pub. Library v. Charlier Clark & Linard, P.C.*, 929 N.E.2d 722, 727 (Ind. 2010). Mylet insists that the rule is inapplicable, arguing that he "seeks to be placed back in the position he was prior to Santander's negligence, with his original mortgage, under its original terms, and with its original interest rate. He also seeks to have his credit repaired." Appellant's Reply Br. at 7. It appears that Mylet is conflating the nature of his losses, which are purely economic, with the remedies available to compensate him for those losses. The economic loss rule has certain exceptions, *U.S. Bank*, 929 N.E.2d at 745, but Mylet does not argue that any of them apply. Therefore, we affirm the trial court's dismissal of his negligence-related counterclaims.

[6] Affirmed.

Altice, J., concurs.

Riley, J., concurs in result with opinion.

Nathan E. Mylet,

*Appellant-Defendant/Counterclaim-Plaintiff,*

v.

Santander Bank, N.A.,

*Appellee-Plaintiff/Counterclaim-Defendant.*

Court of Appeals Case No.
29A02-1608-MF-2004

**Riley, Judge, concurring in result**

I concur in the result reached by the majority, but I write separately to express my view that this issue should be solved by using contract principles only. By relying on the tort theory of economic loss, I believe the majority opinion imparts an impression that Mylet has some basis to bring a claim sounding in negligence.

In his counterclaim, Mylet argued negligent misrepresentation, asserting that "Santander supplied false information to Mylet in the course of a relationship and/or transaction in which he had a pecuniary interest, namely, advising Mylet that he should miss mortgage payments and would be approved on multiple occasions for a loan modification and then subsequently denying him each and every time." (Appellant's App. Vol. III, p. 43). In addition, Mylet asserted negligence because "Santander by and through its agents breached [its] duty to advise Mylet to attempt a loan modification when he was not currently

in default and then failed to advise Mylet of the risks associated with a loan modification[.]" (Appellant's App. Vol. III, p. 44).

[9]     To the extent Mylet's claim is sounding purely in ordinary negligence based on Santander's conduct, I note that the relationship between the parties is based on contract. Our supreme court has held that, "[w]hen the parties have, by contract, arranged their respective risks of loss, . . . the tort law should not interfere." *Greg Allen Const. Co. v. Estelle*, 798 N.E.2d 171, 175 (Ind. 2003); *see also Jaffri v. JPMorgan Chase Bank, N.A.*, 26 N.E.3d 635, 638 (Ind. Ct. App. 2015). In other words, "[t]he rule of law is that a party to a contract or its agent may be liable in tort to the other party for damages from negligence that would be actionable if there were no contract, but not otherwise." *Greg Allen Const. Co.*, 798 N.E.2d at 175. Unless there is evidence of an independent tort that would have existed if there was no contract between the parties, they "should not be permitted to expand that breach of contract into tort claims against either the principal or its agents by claiming negligence as the basis of that breach." *Id.* In essence, this is what Mylet is attempting here: claiming that Santander negligently breached the contract. But for the loan made to Mylet in 2006, secured by the mortgage now held by Santander, there would be no relationship between these two parties and there would have been no communication between Mylet and Santander's employees about refinancing the mortgage and skipping mortgage payments. Accordingly, I conclude that Mylet has no actionable claim.