

FILED

Apr 17 2018, 8:00 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Rodney Pol, Jr.
Assistant City Attorney
Gary, Indiana

ATTORNEY FOR APPELLEE

Russell W. Brown, Jr.
Scott King Group
Merrillville, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| City of Gary Police Civil Service Commission, <br><br> *Appellant-Petitioner,* <br><br> v. <br><br> Raymond Robinson, <br><br> *Appellee-Respondent.* | April 17, 2018 <br><br> Court of Appeals Case No. 45A05-1706-PL-1414 <br><br> Appeal from the Lake Superior Court <br><br> The Honorable A. Leon Sarkisian, Judge Pro Tempore <br><br> The Honorable Diane Kavadias Schneider, Judge <br><br> Trial Court Cause No. 45D11-1503-PL-22 |

**Najam, Judge.**

## Statement of the Case

[1] The City of Gary Police Civil Service Commission ("Commission") appeals the trial court's entry of summary judgment for Raymond Robinson on his petition

for judicial review from an adverse decision of the Commission. The Commission raises three issues for our review, which we restate as follows:

> 1. Whether the trial court erred when it denied the Commission's motion to dismiss Robinson's petition for judicial review.

> 2. Whether the Commission preserved for appellate review its claim that the trial court considered inadmissible evidence on summary judgment.

> 3. Whether the trial court erred when it entered summary judgment for Robinson.

We affirm in part, reverse in part, and remand for further proceedings.

## Facts and Procedural History

In September of 2012, agents with the Federal Bureau of Investigation ("FBI") arrested Gary Police Department ("GPD") Officer David Finley on charges of corruption. The FBI's investigation and ultimate arrest of Finley was based at least in part on tips provided by a confidential informant ("CI"). Shortly after Finley's arrest, the CI "went into hiding out of a valid fear that Finley (or associates) would harm" the CI. Appellant's App. Vol. II at 61.

On January 19, 2013, Robinson, also an officer with the GPD, used his GPD credentials to conduct an unauthorized informational search of the National Crime Information Center ("NCIC") and the Indiana Data and Communication System ("IDACS"), which are law enforcement databases that

contain information about individuals who have had contact with law enforcement. Robinson searched those databases for the CI who had assisted the FBI in Finley's case. The CI's information in those databases included the CI's phone number. Shortly after Robinson conducted that search, the CI began receiving threatening phone calls.

[5] The CI informed the FBI of those calls, and FBI Special Agent Dan Cooley investigated. In the course of that investigation, Special Agent Cooley learned that Robinson had used the NCIC and IDACS databases to access the CI's information. Special Agent Cooley arranged to interview Robinson at a GPD station in February. During that interview, Robinson admitted that he had used his GPD credentials to conduct an unauthorized search for the CI and that he had seen the CI's information in those databases. But Robinson stated that he had performed that search simply out of "curiosity." *Id.* Later, Robinson also admitted that he had falsely testified to Finley's sentencing court that Robinson had written a letter on Finley's behalf when, in fact, Finley had written that letter himself.

[6] On March 1, after learning of Robinson's alleged unauthorized access to the NCIC and IDACS databases, GPD Chief Wade Ingram ordered Robinson to be transferred from the Bureau of Uniform Services Division to the Administrative Services Division. About a month later, Chief Ingram ordered Robinson to be transferred back to the Bureau of Uniform Services Division. Meanwhile, the FBI continued to investigate Robinson's access to the NCIC and IDACS databases. On October 15, Indiana State Police Captain Mike

White informed Chief Ingram that the FBI had substantiated to the State Police that Robinson accessed the two databases without authorization, and, as a result, the State Police had permanently revoked Robinson's access to the NCIC and IDACS databases.

[7] On January 23, 2014, the City of Gary ("the City") filed a complaint against Robinson with the Commission. The City alleged that Robinson's unauthorized access of the NCIC and IDACS databases was an "abuse of privileges" and "prohibited by directives and law." *Id.* at 50. The City further alleged that, due to the State Police's permanent revocation of Robinson's access to those databases, "Robinson's current function as a police officer has been permanently diminished . . . ." *Id.* at 51. Accordingly, the City requested that the Commission terminate Robinson's employment.

[8] Thereafter, a single hearing officer held a fact-finding hearing on the City's complaint. The hearing officer then recommended Robinson's termination. Robinson appealed to the Commission, but the Commission accepted the hearing officer's recommendation.

[9] Robinson filed a petition for judicial review in the trial court. After the court had denied a motion to dismiss filed by the Commission, Robinson moved for summary judgment. In his motion, Robinson argued that the designated evidence showed that the GPD was aware of Robinson's misconduct no later than March 1, 2013, when Chief Ingram transferred Robinson between divisions based on Robinson's alleged unauthorized use of the NCIC and

IDACS databases. As such, Robinson continued, Commission Rule of Procedure II(7)(A), which states that "disciplinary proceedings must be commenced within one-hundred and twenty (120) days from the date the alleged misconduct is discovered," required the dismissal of the Commission's proceedings because the City's complaint was filed 328 days after March 1, 2013. *Id.* at 79.

[10] The Commission did not object to Robinson's designated evidence in support of his motion for summary judgment. Indeed, the Commission informed the trial court that Robinson had done a "great job of laying out the facts of the case." Tr. at 21. Rather than argue facts, the Commission argued that Rule II(7)(A) did not begin to run until the investigation into Robinson's alleged misconduct had been completed. According to the Commission, that occurred here on October 15, 2013, when State Police Captain White informed Chief Ingram that Robinson's access to the NCIC and IDACS databases was being permanently revoked based on the FBI's substantiation of Robinson's alleged misuse. As such, the Commission continued, the City timely filed its January 23, 2014, complaint with the Commission. The trial court agreed with Robinson and entered summary judgment accordingly. This appeal ensued.

## Discussion and Decision

### *Issue One: Motion to Dismiss*

[11] On appeal, we first address the Commission's argument that the trial court erred when it denied the Commission's motion to dismiss. But the

Commission's argument on appeal has no relationship to the argument it made in the trial court on its motion to dismiss. *Compare* Appellant's Br. at 33-35 *with* Appellant's App. Vol. II at 6-7. As such, the Commission has not preserved its argument on appeal for our review. *E.g.*, *Holleman v. Ind. Dep't of Corr.*, 27 N.E.3d 293, 297 (Ind. Ct. App. 2015).

[12] Nonetheless, in its motion to dismiss, the Commission asserted that Robinson bore the burden to file the Commission's record in the trial court within thirty days of the Commission's decision, which he did not do. In support of that position, the Commission relied on Indiana Code Section 4-21.5-5-13(a), a provision within Indiana's Administrative Orders and Procedures Act ("AOPA"). But AOPA does not apply here. Rather, Indiana Code Chapter 36-8-3.5 applies. Indeed, aside from the plain text of the statutes within that Chapter, the Commission's own Rules of Procedure expressly state that that Chapter applies in lieu of AOPA on judicial review. Appellant's App. Vol. II at 97-98. And Indiana Code Section 36-8-3.5-18(b)(5) directs that the Commission, not Robinson, bore the burden to file the Commission's record in the trial court on judicial review. Accordingly, we reject the argument the Commission made to the trial court and affirm the trial court's denial of the motion to dismiss.

### Issue Two: Evidence on Summary Judgment

[13] We next address the Commission's argument that the trial court erroneously considered evidence on summary judgment that was not before the Commission. But we conclude that the Commission has also failed to preserve

this issue for our review. It is well established that "[a] party that fails to make a timely objection" to the admission of evidence in the trial court on summary judgment "waives . . . the right on appeal to assert the admission of evidence as erroneous." *Hay v. Hay*, 885 N.E.2d 21, 23 n.1 (Ind. Ct. App 2008) (quotation marks omitted). Here, not only did the Commission not object in the trial court to Robinson's designation of evidence on summary judgment, the Commission affirmatively agreed with Robinson's representation of facts to the trial court.[1] Tr. at 15-22. We hold that this issue is not properly before us, and we do not consider it.

### Issue Three: Entry of Summary Judgment

[14] We thus turn to the Commission's argument that the trial court erred when it entered summary judgment for Robinson. We review summary judgment applying the same standard as the trial court: "summary judgment is appropriate 'if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Williams v. Tharp*, 914 N.E.2d 756, 761 (Ind. 2009) (quoting Ind. Trial Rule 56(C)). We limit our review to the materials designated at the trial level. *Fraternal Order of Police, Lodge No. 73 v. City of Evansville*, 829 N.E.2d

---

[1] The Commission argues that its objection at a prior hearing in the trial court on the Commission's motion to dismiss preserved its argument on appeal with respect to the evidence designated on summary judgment. We cannot agree. An objection must be contemporaneous to preserve an issue for appellate review. *E.g.*, *Jackson v. State*, 735 N.E.2d 1146, 1152 (Ind. 2000). The Commission further asserts that much of the complained-of evidence was not properly admitted before the Commission in Robinson's appeal from the single hearing officer's recommendation. Appellant's Br. at 21. Aside from a single online newspaper article, however, the Commission's reading of the record is incorrect. *See* Appellee's App. Vol. 3 at 25.

494, 496 (Ind. 2005). Where the challenge to summary judgment raises a pure question of law, such as the interpretation of a statute, we review that question *de novo*. *Ballard v. Lewis*, 8 N.E.3d 190, 193 (Ind. 2014). Our goal in statutory interpretation is to determine the legislature's intent, which, if the statute is unambiguous, we do by following the plain and ordinary meaning of the statute. *E.g.*, *Jones v. State*, 87 N.E.3d 450, 454 (Ind. 2017).

[15] As an initial matter, we note that the Commission has, it seems, abdicated the position it took on summary judgment in the trial court. Again, in the trial court, the Commission argued only that the 120-day timeframe in which to file a complaint under Commission Rule of Procedure II(7)(A) did not begin to run until after the State Police had informed Chief Ingram of the FBI's substantiation of Robinson's misuse of the NCIC and IDACS databases. On appeal, however, the Commission instead focuses on whether the facts before the trial court on summary judgment were properly admitted and whether those facts defeat judgment as a matter of law for Robinson.[2] But, as explained above, the Commission did not preserve a challenge to the facts for appellate review, and instead the Commission expressly conceded to the trial court that Robinson's representation of the facts was "accurate." Tr. at 21-22. As such, the Commission's argument on appeal that the trial court's entry of summary

---

[2] In its argument, the Commission not only cites but substantially relies on a not-for-publication memorandum decision of this Court. We remind counsel for the Commission that such decisions "shall not be cited to any court except by the parties to the case to establish *res judicata*, collateral estoppel, or law of the case." Ind. Appellate Rule 65(D).

judgment is erroneous based on the Commission's newfound reading of the record is without merit, and we do not consider it.

[16] Nonetheless, the argument the Commission made to the trial court deserves our review, and Robinson cogently addresses that argument in his brief to this Court. Accordingly, we exercise our discretion to review the merits of the trial court's judgment on that argument.

[17] This issue turns on the interpretation of Commission Rule of Procedure II(7)(A). That Rule states:

> Except as otherwise provided, disciplinary proceedings must be commenced within one-hundred and twenty (120) days from *the date the alleged misconduct is discovered*. Disciplinary proceedings against a police officer are barred after the expiration of two (2) years from the date of the occurrence of the alleged misconduct, unless the misconduct would, if proved in a court of law, constitute a felony or a Class A misdemeanor in which case the disciplinary proceedings may be commenced at any time.

Appellant's App. Vol. II at 79 (emphasis added). According to Robinson, the 120-day requirement began to run on March 1, 2013, when Chief Ingram transferred Robinson to a different division of the GPD based on Robinson's alleged misuse of the NCIC and IDACS databases. According to the Commission's argument in the trial court, however, the 120-day requirement began to run on October 15, 2013, when the State Police first informed Chief Ingram that the FBI had substantiated the allegations against Robinson. In agreeing with Robinson's interpretation in its order on summary judgment, the

trial court applied reasoning from our medical malpractice case law to conclude that the 120-day requirement began to run when "the City of Gary knew or learned of facts that, in the exercise of reasonable diligence, should have led [it] to the discovery of the alleged misconduct." *Id.* at 143-44 (discussing *Jeffrey v. Methodist Hosps.*, 956 N.E.2d 151, 159 (Ind. Ct. App. 2011)).

[18] We agree with the Commission's argument in the trial court for two independent reasons. First, while the trial court's analogy to medical malpractice cases might well have been persuasive in a vacuum, here we have an agency's interpretation of its own rules, which is entitled to "great weight." *Andy Mohr West v. Off. of Ind. Sec'y of State*, 54 N.E.3d 349, 353 (Ind. 2016). Specifically, the Commission's interpretation of Rule II(7)(A) provides that the phrase "the date the alleged misconduct is discovered" refers to the date an allegation is substantiated by an investigation. Further, the Commission's interpretation is reasonable and not inconsistent with the language of the Rule itself. As such, the judiciary must "stop our analysis and need not move forward with any other proposed interpretation." *Id.*

[19] Second, under Robinson's reading of Rule II(7)(A), "discovered" means the same date as the date of the allegation. That is, Robinson reads the Rule to say, in effect, that a complaint must be filed within 120 days of the date "the alleged misconduct is alleged." Had the intent of the drafters of the Rule been to start the 120-day clock on the date of an allegation, we think the Rule would have more plainly stated as much. *See, e.g.*, *State v. Prater*, 922 N.E.2d 746, 750 (Ind. Ct. App. 2010) ("In interpreting a statute, we must consider not only what the

statute says but what it does not say.") (alterations and quotation marks omitted), *trans. denied*.

[20]     Moreover, Robinson's reading is simply not practical. As the Commission argued in the trial court, it receives reports of "alleged misconduct all the time on police officers. There has to be some type of investigation" before the City is required to consider filing a complaint. Tr. at 30. And, here, that investigation was not even an internal investigation; rather, the investigation was conducted by the FBI and the State Police and outside the control of the City and the GPD. As such, we agree with the Commission's argument in the trial court with respect to the proper interpretation of Rule II(7)(A) and hold that the 120-day requirement began to run when the State Police first informed Chief Ingram that the FBI had substantiated the allegations against Robinson. We reverse the trial court's entry of summary judgment for Robinson and remand for further proceedings not inconsistent with this opinion.[3]

## Conclusion

[21]     In sum, we affirm the trial court's denial of the Commission's motion to dismiss and the court's admission of evidence on summary judgment. However, we reverse the trial court's entry of summary judgment for Robinson, and we remand for further proceedings not inconsistent with this opinion.

---

[3] We note that the Commission's argument on appeal is only that disputed facts preclude the entry of summary judgment, not that the Commission is entitled to summary judgment. Accordingly, we do not direct the entry of summary judgment for the Commission at this time.

Affirmed in part, reversed in part, and remanded for further proceedings.

Mathias, J., and Barnes, J., concur.